IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOAN CICCHIELLO,<br>　　　　Petitioner | : | No. 1:23-CV-1406 |
| | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| COLETTE S. PETERS,<br>　　　　Respondent | : | |

## MEMORANDUM

Petitioner Joan Cicchiello initiated the above-captioned action by filing a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. She alleges that the Federal Bureau of Prisons (BOP) improperly calculated her earned time credits under the First Step Act (FSA) of 2018, Pub. L. 115-391, 132 Stat. 5194 (2018). For the following reasons, the court will deny Cicchiello's Section 2241 petition.

## I.    BACKGROUND

Cicchiello lodged the instant Section 2241 petition in August 2023. (See generally Doc. 1). It appears that, at the time of filing, Cicchiello had already been released from prison and was serving a three-year term of supervised release for her prior federal convictions for healthcare fraud and perjury. (See Doc. 14-2 at 2 ¶ 3). Cicchiello's release date was calculated, in part, through application of FSA time credits; *i.e.*, the BOP applied 365 days of FSA credits

toward early release and moved her release date forward from July 11, 2024, to July 12, 2023. (See id. at 2 ¶ 3; id. at 5).

Cicchiello originally filed this petition in the United States District Court for the Northern District of West Virginia. (See Doc. 1; Doc. 6). The Northern District of West Virginia transferred the case to this court, as Cicchiello had been released from prison and was living in Mt. Carmel, Pennsylvania. (See Doc. 6).

After being served, Respondent timely responded to the Section 2241 petition. (See generally Doc. 14). Cicchiello then filed a traverse. (Doc. 15). Her Section 2241 petition, therefore, is ripe for disposition.

## II.   DISCUSSION

Under the FSA, an eligible inmate "who successfully completes evidence-based recidivism reduction programming or productive activities, shall earn time credits" which "shall be applied toward time in prerelease custody or supervised release." 18 U.S.C. § 3632(d)(4)(A), (C). More specifically, the FSA allows eligible inmates to earn ten days of time credits for every thirty days of successful participation in evidence-based recidivism reduction (EBRR) programming or productive activities (PAs). See id. § 3632(d)(4)(A)(i). Additionally, if the BOP determines that the inmate is at a minimum or low risk of recidivism and has not increased their recidivism risk over two consecutive assessments, the inmate can earn an additional five days of time credits for every thirty days of successful

2

participation in EBRR programming or PAs (for a total of fifteen days of time credits for every thirty days of programming).  See id. § 3632(d)(4)(A)(ii).

Cicchiello's petition is not the model of clarity.  It appears that she is contending that the BOP failed to accurately calculate her FSA time credits. (See Doc. 1 at 5-8).  Respondent counters that the BOP's calculations were correct and that, as Cicchiello has been released from prison, her petition is now moot.  The court need only address Respondent's first contention, as there was no error in the calculation of Cicchiello's FSA credits.[1]

As best the court can ascertain, Cicchiello asserts two distinct arguments in her petition regarding FSA time credit calculations.  She first claims that she should have started earning FSA time credits in December 2018 but instead lost out on 180 days of time credits (or program days) based on the BOP's incorrect FSA accrual date.  (See Doc. 1 at 5, 8).  She also argues that she should not have been disallowed 71 program days during the time from November 2019 to February 2020 when she was in "Financial Responsibility Program (FRP)" refuse status.  (See id. at 6, 8).[2]  Neither argument is persuasive.

---

[1] It is not clear at this time whether the instant petition is moot, as it appears that Cicchiello has recently been re-incarcerated for violating her supervised release.  See Cicchiello v. Briggs, No. 3:24-CV-00475, Docs. 1, 3 (M.D. Pa. Mar. 19, 2024).

[2] Although Cicchiello appears to attempt to assert an undeveloped "access to the courts" claim regarding her inability to utilize the BOP's administrative remedy program, (see Doc. 1 at 6), this argument is irrelevant, as Respondent does not assert that Cicchiello failed to exhaust her administrative remedies.

3

Cicchiello's first claim requires little discussion. Despite her assertion to the contrary, the BOP correctly initiated accrual of her FSA time credits on December 21, 2018, the date of enactment of the First Step Act. See 28 C.F.R. § 523.42(b)(1). This information is verified by the certified records provided by Jennifer Knepper, Supervisory Attorney for the BOP at the United States Penitentiary in Lewisburg, Pennsylvania. (See Doc. 14-2 at 2, 9, 10). There was no error by the BOP as to Cicchiello's FSA start date, so her first argument is meritless.

Cicchiello next asserts that, from November 27, 2019, through February 6, 2020, she was incorrectly disallowed FSA time credits due to being in FRP refuse status. Cicchiello does not claim that she did not refuse to participate in the BOP's Inmate Financial Responsibility Program. Rather, she seems to contend that, because the "BOP has not updated their policies," she was improperly disallowed 71 FSA program days during this period.

This argument, too, is meritless. Section 7 of BOP Program Statement 5410.01 provides that an inmate will "opt out" (*i.e.*, choose "not to participate in the EBRR programs or PAs" under the FSA) if the "inmate refuses to participate in required programs (e.g., Inmate Financial Responsibility (FRP), Drug Education, etc.)[.]" See FED. BUREAU OF PRISONS, *Program Statement 5410.01 First Step Act of 2018 – Time Credits: Procedures for Implementation of 18*

4

*U.S.C. § 3632(d)(4)*, § 7 (2022). If an inmate opts out, he or she "will not earn" FSA time credits during that period. See id.; see also Garcia v. Rickard, No. 1:23-CV-00197, 2023 WL 4707390, at *2 (M.D. Pa. July 24, 2023) (Rambo, J.); Head v. Warden, FCI Mendota, No. 1:22-CV-01512, 2023 WL 6386895, at *4-5 (E.D. Cal. Sept. 29, 2023). Because Cicchiello opted out of earning FSA time credits from November 27, 2019, to February 6, 2020, by refusing to participate in the required Financial Responsibility Program, she was properly disallowed 71 program days pursuant to BOP Program Statement 5410.01.

Finally, in her traverse, Cicchiello raises a new argument that was not asserted in her initial Section 2241 petition. Specifically, she claims that, from December 21, 2018, to July 17, 2019, she should have accrued time credits at a rate of fifteen (rather than ten) days for every thirty days of successful FSA programming. (See Doc. 15 at 6-7). This argument, too, is meritless.

Cicchiello did not immediately begin to accrue time credits at a rate of fifteen days for every thirty days of successful FSA programming. Rather, that five-day increase did not occur until she had "2 consecutive assessments" during which she did not increase her recidivism risk. See 18 U.S.C. § 3632(d)(4)(A)(ii). Indeed, the plain language of the statute indicates that there are two prerequisites to begin earning fifteen days, rather than ten days, of time credits per thirty days of successful FSA programming. The prisoner must: (1) be

5

determined by the BOP to be at a "minimum" or "low" risk for recidivating, and (2) must not have increased their recidivism risk "over 2 consecutive assessments." See id. Only then can an eligible prisoner "earn" time credits at a rate of fifteen days of credit for every thirty days of successful programming. See id.; see also Khatiwala v. Rickard, No. 4:23-CV-00327, 2023 WL 6143509, at *4-5 & n.50 (M.D. Pa. Sept. 20, 2023) (Brann, C.J.). This interpretation is bolstered by the corresponding agency regulations. See 28 C.F.R. § 523.42(c); Khatiwala, 2023 WL 6143509, at *5 (noting that, even if there were ambiguity in Section 3632(d)(4)(A)(ii), BOP's interpretation was not unreasonable or impermissible (citing, *inter alia*, Chevron, U.S.A., Inc. v. Nat. Res. Def. Council, Inc., 467 U.S. 837, 842-45 & n.11 (1984))).

In sum, Cicchiello has failed to identify any error made by the BOP in its FSA time credit calculations. Thus, her Section 2241 petition must be denied.

## III. CONCLUSION

Based on the foregoing, the court will deny Cicchiello's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. An appropriate Order follows.

Date: 3/25/24

BY THE COURT:

JUDGE JULIA K. MUNLEY
United States District Court